IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORMA MARRERO RODRIGUEZ, et al.,<br><br>    Plaintiffs<br><br>       v.<br><br>MUNICIPALITY OF SAN JUAN, et al.,<br><br>    Defendants | CIVIL NO. 10-1270 (JP) |

**OPINION AND ORDER**

Before the Court are motions to dismiss by Defendants Municipality of San Juan, Hilton Cordero ("Cordero"), Jorge Santini Padilla ("Santini"), Adam Adorno ("Adorno"), Helder Hadock ("Hadock"), Sherly Alejandro ("Alejandro"), Harry Hernandez Mulero ("Hernandez"), Janet Matos ("Matos"), Felix Vega ("Vega"), Julio A. Santiago Rodriguez ("Santiago"), and Angel A. Pacheco Orta ("Pacheco") **(Nos. 15, 17, 27, 28),**[1] Plaintiffs' oppositions thereto

---

[1] Also pending before the Court are several motions to join the motions to dismiss. The Court **NOTES:** (1) Defendants Adorno and Hadock's motion to join Defendants Municipality of San Juan, Cordero, and Santini's motion to dismiss at No. 15 **(No. 17)**; (2) Defendants Alejandro and Hernandez's motion to join motions to dismiss at Nos. 15, 17, 27, 28 and reply at No. 50 **(No. 43)**; and (3) Defendants Matos and Vega's motion to join motions to dismiss at Nos. 15, 27 and 28 and replies at Nos. 47, 48, and 50 **(No. 58)**. The Court will consider the arguments in the relevant motions to dismiss as pertaining to Defendants Adorno, Hadock, Alejandro, Hernandez, Matos, and Vega as well as the original moving Defendants. On December 15, 2010, Plaintiffs filed a supplemental reply to their oppositions to Defendants' motions to dismiss **(No. 71)**. Defendant Santiago filed a motion to strike Plaintiffs' supplemental motion **(No. 72)**. The Court

CIVIL NO. 10-1270 (JP)          -2-

(Nos. 35, 36, 37, 46), and Defendants' replies (Nos. 47, 48, 50). Plaintiffs brought this lawsuit against Defendants pursuant to, *inter alia*, 42 U.S.C. § 1983 ("Section 1983") alleging violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiffs also allege claims under the constitution and laws of the Commonwealth of Puerto Rico, in particular, Article II, Sections 1, 7, and 12 and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motions to dismiss are hereby **GRANTED**.[2]

I.   **PLAINTIFFS' FACTUAL ALLEGATIONS**

Plaintiffs in this case are Norma Marrero Rodriguez, individually and in representation of her minor children, Carlos Lozada-Marrero and Adrian Lozada-Marrero. Plaintiff Norma Marrero Rodriguez is the widow of Carlos Lozada Vergara ("Lozada Vergara"). Plaintiffs allege that, on April 1, 2009, at around 10:00 p.m., the decedent, Sergeant Lozada Vergara, an employee of the San Juan Municipal Police Force, was participating in a training at the

---

notes that Plaintiffs had over four months to oppose Defendants' motions to dismiss, and Plaintiffs filed their supplemental reply without leave of the Court. As such, the Court hereby **GRANTS** Defendant's Motion to Strike **(No. 72)** Plaintiffs' Supplemental Motion (No. 71).

[2] Defendants also request the imposition of attorney's fees. The Court hereby **DENIES** Defendants' request for attorney's fees.

CIVIL NO. 10-1270 (JP)          -3-

Municipal Police Headquarters. The training took place in an open storage facility known as "la casita." Plaintiffs allege that before entering la casita, "all officers must discharge their weapons in the sandbox." Near la casita are the offices of Defendants Hernandez and Alejandro, who are the guardians of the training facility but were not present that night.

The purpose of the training was to simulate the arrest of a suspect who did not speak Spanish. The training was to be conducted without the use of firearms. Plaintiffs allege that in that facility, officers cannot use firearms, only "dummy guns." In addition, Plaintiffs allege that on the date of the incident there were no regulations, written procedures or protocols to regulate this type of training and not a single certified instructor was present to conduct the training. The training was conducted and supervised by Defendant Santiago, who was not a certified instructor. Defendant Pacheco was the leader of the unit, but he was also not a certified instructor.

During the training, the decedent Lozada Vergara, as the suspect, was on the ground, face down while another officer was holding him down. When Defendant Pacheco arrived at the training, he stated that the training was not being conducted properly and took a position on top of Lozada Vergara's back and held him to the ground. Plaintiffs allege that Lozada Vergara was "motionless and completely subdue [sic] to obedience." Without warning, Pacheco took

CIVIL NO. 10-1270 (JP)          -4-

out his weapon and shot Lozada Vergara in the back. The bullet came out through Lozada Vergara's chest. Lozada Vergara was taken to "Centro Medico" and died five days later on April 6, 2009. Lozada Vergara allegedly suffered severe anguish, pain and distress while at the hospital. His death was caused by the bullet wound.

On March 31, 2010, Plaintiffs filed the instant complaint against the following Defendants, in their personal and official capacities: (1) Pacheco, a Municipal Police Officer; (2) Cordero, the Commissioner of the Municipal Police of San Juan; (3) Adorno, the Operational Field Chief of the Municipal Police of San Juan; (4) Vega, the Operational Field Sub-Director of the Municipal Police of San Juan; (5) Hadock, the Commanding Officer of Specialized Units of the Municipal Police of San Juan and immediate supervisor of Defendant Pacheco; (6) Matos, the Administrative Director of Police Training Center in the Municipality of San Juan; (7) Hernandez, a captain of the Municipal Police of San Juan; (8) Alejandro, a certified instructor for the Municipal Police of San Juan; (9) Santiago, an officer of the Municipal Police of San Juan and the training supervisor; (10) the Municipality of San Juan; and (11) Mayor Santini, the Mayor of the Municipality of San Juan.

Plaintiffs allege that as a result of Defendants' actions, inactions, omissions or failure to protect Lozada Vergara he was deprived of his right to life. Specifically, as to Defendants Cordero, Adorno, Vega, and Hadock Plaintiffs allege that they failed

CIVIL NO. 10-1270 (JP)          -5-

to supervise their staff and implement the policies, regulations or customs available or to ensure that every safety protocol and security policy or custom was followed. As to Defendants Matos, Hernandez and Alejandro, Plaintiffs allege that they had the duty to implement and administer the policies and procedures of the municipal police in training exercises; however, they failed to supervise the staff, were not present at the above-mentioned training, and left no certified instructor in charge. As to Defendant Santiago, Plaintiffs allege that he gave the order to conduct the training without the bulletproof jackets and permitted Pacheco to enter the facility without going through the checkpoint. Plaintiffs allege that the Municipality of San Juan is liable for the death of Lozada Vergara because it did not have a written regulation or protocol for the training exercises followed by the police officers and failed to develop and adopt regulations for its officers in situations where the objective was to be prepared for an arrest situation. Defendant Santini is liable because, as the Mayor, he had the obligation to implement regulations to protect the constitutional rights of the police officers, and he failed to establish such regulations.

   Plaintiffs allege that they suffered great mental anguish, anxiety and depression as a direct and proximate result of the unlawful and deliberately indifferent actions of all the Defendants. Plaintiffs also allege that there was no due process in the actions of the above-named Defendants, as guaranteed by the Fourteenth

CIVIL NO. 10-1270 (JP)        -6-

Amendment and that the Defendant's actions constituted a substantive due process violation that can only be characterized as shocking to the conscience, truly outrageous, uncivilized, and intolerable.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007)(quoting Twombly, 550 U.S. at 561).  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 10-1270 (JP)          -7-

## III. ANALYSIS

Plaintiffs allege a cause of action against Defendants under Section 1983 for violations of the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution and a cause of action for violations of State laws. Defendants move the Court to dismiss Plaintiffs' complaint on the following grounds: (1) failure to state a violation of a constitutionally protected right under Section 1983; and (2) lack of jurisdiction over Plaintiffs' state law claims and/or that the state law claims are disallowed by Puerto Rico's Worker Accidents Compensation Act ("WACA"). The Court will examine each argument in turn.

### A.   Underlying Claim to Support Section 1983 Action

Plaintiffs bring the instant action pursuant to Section 1983. Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994). In order to prevail on a Section 1983 claim, Plaintiffs must demonstrate that Defendants: (1) acted under color of state law; and (2) deprived him of the identified federal right. See Cepero Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting Romero Barceló v. Hernández Agosto, 75 F.3d 23, 32 (1st Cir. 1996)).  Puerto Rico is considered a state for Section 1983 purposes. Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

CIVIL NO. 10-1270 (JP)          -8-

Plaintiffs allege that Defendants are liable under Section 1983 for violations of the constitutional rights provided by the Fourth, Eighth and Fourteenth Amendments.

### 1. Fourth Amendment Claims

The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . ." U.S. Const. amend. IV. Plaintiffs do not explain or allege in what way Lozada Vergara was subject to an unreasonable search and seizure in violation of his rights under the Fourth Amendment. Moreover, in their oppositions to Defendants' motions to dismiss, Plaintiffs provide no developed arguments and do not cite any case law to support their Fourth Amendment claim. See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 100 (1st Cir. 1996)(finding that appellants waived their claims where they provided only a brief paragraph and no citation to case law to explain their claim); McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22-23 (1st Cir. 1991)("In opposing a Rule 12(b)(6) motion, a plaintiff cannot expect a trial court to do his homework for him. Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present some legal theory that will support his claim."); see also U.S. v. Orama, 956 F. Supp. 81, 85 (D.P.R. 1997)(finding that the party had waived the claim because the claim was raised in a perfunctory manner without support or developed arguments). Courts must not credit "bald assertions, unsupportable

CIVIL NO. 10-1270 (JP)          -9-

conclusions, periphrastic circumlocutions, and the like." <u>Aulsun v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). Thus, because Plaintiffs present no developed arguments or sufficient allegations to support their Fourth Amendment claim, the Court dismisses Plaintiffs' Fourth Amendment claim.

### 2. Eighth Amendment Claims

Plaintiffs have also alleged violations of the Eighth Amendment of the United States Constitution. The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Plaintiffs allege that Defendants inflicted cruel and unusual punishment upon the decedent. Nonetheless, "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239, 244 (1983)(quoting <u>Ingraham v. Wright</u>, 430 U.S. 651, 671-6\72, n.40,(1977)); <u>Martinez-Rivera v. Sanches Ramos</u>, 498 F.3d 3, 9 (1st Cir. 2007). As such, the Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable to the instant case because there has been no formal adjudication of guilt or criminal prosecution against Lozada Vergara. Accordingly, the Court dismisses Plaintiffs' Eighth Amendment claims.

### 3. Fourteenth Amendment Claims

Lastly, Plaintiffs allege that Defendants' actions, inactions and omissions violated the substantive due process clause of the

CIVIL NO. 10-1270 (JP)          -10-

Fourteenth Amendment depriving Lozada Vergara of his right to life. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV; see generally Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).

For causes of actions brought under the substantive due process clause of the Fourteenth Amendment, the First Circuit holds that Plaintiffs are required to show that Defendants' actions "shock the conscience." E.g., Martinez v. Cui, 608 F.3d 54, 64 (1st Cir. 2010) (citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). "Outside of a few narrow categories . . . this means conduct that is truly outrageous, uncivilized, and intolerable." Hasenfus v. LaJeunesse, 175 F.3d 68, 73 (1st Cir. 1999).

Even assuming that Defendants' actions and/or inactions shocked the conscience, Plaintiffs must show that Defendants violated a protected interest. Rivera v. Rhode Island, 402 F.3d 27, 33-34 (1st Cir. 2005)("In order to establish a substantive due process claim, the plaintiff must first show a deprivation of a protected interest . . . It is not enough to claim the governmental action shocked the conscience").

The United States Supreme Court clearly has held that "not all actions of state officials that result in a loss of life, liberty, or property are 'deprivations' within the meaning of the Fourteenth Amendment." Germany v. Vance, 868 F.2d 9, 17 (1st Cir. 1989) (citing

CIVIL NO. 10-1270 (JP)          -11-

Daniels v. Williams, 474 U.S. 327 (1986)); Davidson v. Cannon, 474 U.S. 344 (1986). "[T]he Due Process Clause is not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." Germany, 868 F.2d at 17 (citing Daniels, 474 U.S. at 327)(emphasis in original).[3]

      a.   Defendant Pacheco

In the complaint, Plaintiffs allege that Defendant Pacheco, in a manner that was shocking to the conscience, took out his weapon and shot Lozada Vergara. Plaintiffs allege that Lozada Vergara died because of Defendant Pacheco's grossly negligent and/or reckless actions in failing to discharge his weapon before entering the training facility and in not using a dummy gun during the training exercise.

In the instant case, the Court finds Plaintiffs have failed to allege sufficient facts to constitute a substantive due process violation. The Supreme Court has emphasized that negligent conduct by a state official, even though causing injury, does not constitute a deprivation under the Due Process Clause. Collins v. City of Harker

---

[3] In their oppositions, Plaintiffs submit that "[i]t is possible to state a cause of action under § 1983 [] for the negligent deprivation of constitutional rights" and cite to Parratt v. Taylor, 451 U.S. 527, 534-35 (1981), for support of this position. The Court notes that this case was overruled, in part, by the Supreme Court in Daniels. 474 U.S. at 330-31("overrul[ing] Parratt to the extent that it states that mere lack of due care by a state official may deprive an individual of life, liberty, or property under the Fourteenth Amendment")(internal quotations omitted).

CIVIL NO. 10-1270 (JP)           -12-

Heights, 503 U.S. 115, 126 (1992). Lozada Vergara, as a police officer, was participating in a training session where Defendant Pacheco, in attempting to demonstrate how to make an arrest, accidentally shot and killed Lozada Vergara. The Court finds that Defendant's alleged behavior cannot be characterized as arbitrary or shocking to the conscience in a constitutional sense and cannot be said to have violated a constitutional right under the substantive due process clause. See Collins, 503 U.S. at 128.

       b.   Supervisory liability

The Court finds that Plaintiffs have not alleged sufficient facts to support a claim of supervisory liability against Defendants Cordero, Santini, Adorno, Hadock, Alejandro, Hernandez, Matos, Vega, and Santiago. The First Circuit has established that supervisory liability "attaches only if a plaintiff can demonstrate by material of evidentiary quality an affirmative link between the supervisor's conduct and the underlying Section 1983 violation." Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995)(citing Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). Under Section 1983, supervisory liability cannot be based on a *respondeat superior* theory, but instead it can only be based on the supervisor's own acts or omissions. Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998) (citing Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997)). Supervisory liability requires that: (1) there is a finding of subordinate liability; and (2) the

CIVIL NO. 10-1270 (JP)              -13-

supervisor's own action or inaction was affirmatively linked to the constitutional violation caused by the subordinate. Id.  Thus, in the instant case, because the Court did not find Defendant Pacheco liable under Section 1983, the claims for supervisory liability against Defendants fail. Id. (requiring a finding of subordinate liability as a precondition for supervisory liability).

However, even if the Court had found subordinate liability, in order to impose supervisory liability, the affirmative link between the supervisor's own actions and inactions and the constitutional violation caused by the subordinate must amount to "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference." Aponte-Matos, 135 F.3d at 192 (quoting Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)). To demonstrate deliberate indifference, a plaintiff must show: (1) a grave risk of harm; (2) defendant's actual or constructive knowledge of that risk; and (3) defendant's failure to take easily available measures to address the risk.  Camilo Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998).  In this case, the Court finds that Plaintiffs have failed to allege sufficient facts to raise a plausible claim of supervisory liability.

In sum, Plaintiffs allege that the death of Lozada Vergara is the result of the unlawful and deliberately indifferent actions of Defendants. As to Defendant Santiago, Plaintiffs allege that his actions in giving the order to conduct the training without the use

CIVIL NO. 10-1270 (JP)        -14-

of bulletproof jackets and permitting the entrance of Defendant Pacheco without going through the checkpoint were reckless or callously indifferent to the safety and security of the officers. Plaintiffs allege that Defendants failed to supervise the police training exercises and/or failed to adopt and implement policies and regulations directed at police training exercises. Plaintiffs also allege that Defendants' failure to adequately train their subordinates amounted to deliberate indifference to the life and safety of police officers. Plaintiffs, however, fail to allege any facts that would support said conclusions. Twombly, 550 U.S. at 553-54. In Twombly, the United States Supreme Court explained that in order for plaintiffs to meet their obligation of providing the grounds for entitlement to relief, plaintiffs cannot rely on "labels and conclusions, and" cannot just engage in "a formulaic recitation of the elements of a cause of action." Id.

In the instant case, the Court finds that Plaintiffs' averments that the death of Lozada Vergara was "shocking to the conscience" and a result of "deliberate indifference" on the part of Defendants without further factual enhancement "stops short of the line between possibility and plausibility." See Twombly, 550 U.S. at 546. The Supreme Court has explicitly stated that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual

CIVIL NO. 10-1270 (JP)          -15-

enhancements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citing Twombly, 550 U.S. at 127).

Plaintiffs do not allege that Defendants had actual or constructive knowledge of a risk. See Camilo Robles, 151 F.3d at 7 (finding that a plaintiff must show that defendants had actual or constructive knowledge of a risk and that they failed to take measures that were easily available to address that risk). They do not allege that unsupervised training exercises occurred more than this one time or that similar incidents have occurred during police training exercises in the past. While Plaintiffs allege that the lack of safety protocols or written regulations directed at the police training exercises caused the death of Lozada Vergara, Plaintiffs fail to allege sufficient facts that would support said assertions. See Iqbal, 129 S.Ct. at 1949. Accordingly, the Court finds that no supervisory liability attaches.

      c.   Municipality Liability

To impose liability on a municipality, the Court must analyze: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the city is responsible for that violation. Collins, 503 U.S. at 119; see also Monell v. New York City Dept. of Social Services., 436 U.S. 658, 691 (1978)(stating that a "municipality may not be held liable [under § 1983] *solely* because it employs a tortfeasor")(emphasis in original). The Supreme Court has established that "the inadequacy of police training may serve as

CIVIL NO. 10-1270 (JP)           -16-

a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388-89 (1989). However, in Collins, the Supreme Court emphasized the "separate character of the inquiry into the question of municipal responsibility and the question whether a constitutional violation occurred." 503 U.S. at 122.

In Collins, the widow of a sanitation department employee, who died of asphyxia attempting to repair a sewer line, brought a § 1983 action against the city alleging a substantive due process violation for failing to provide a reasonably safe work environment. Id. at 125-26. The widow argued that the "city's policy and custom of not training its employees and not warning them of the danger allegedly caused [her husband's] death and thus deprived him" of his "constitutional right to be free from unreasonable risks of harm" and "to be protected from the [city's] custom and policy of deliberate indifference toward the safety of its employees." Id. at 126 n.9 (internal citations omitted). The Supreme Court, comparing the case to a state tort law case, stated that it did not find that the "city's alleged failure to train its employees, or to warn them about known risks of harm, was an omission that can properly be

CIVIL NO. 10-1270 (JP)        -17-

characterized as arbitrary, or conscience shocking, in a constitutional sense." Id. at 128.[4]

In the instant case, the Court finds that Plaintiffs' alleged facts are insufficient to support a claim against the Municipality of San Juan. Here, Plaintiffs have not alleged that there were widespread violations occurring during police training exercises or that the training received by Defendant Pacheco was inadequate. Plaintiffs also do not allege that the Municipality or any of the other Defendants deliberately instructed Lozada Vergara to participate in the training when they knew or should have known that there was a significant risk that he would be injured. See Collins, 503 U.S. at 125; Hayden v. Grayson, 134 F.3d 449 (1st Cir. 1998).

Moreover, Plaintiffs assert contradictory allegations in their complaint. On the one hand, they allege that there are no regulations or safety protocols in place governing police training exercises; however, on the other hand, Plaintiffs allege that, "[b]efore entering the training facility all officers must discharge their weapons in a sandbox." In addition, Plaintiffs allege that, at the facility where the incident occurred, "the officers couldn't use firearms, only 'dummy guns'." In its oppositions, Plaintiffs do not adequately address Defendants' arguments concerning these

---

[4] The Supreme Court in Collins, in not finding a constitutional violation, explained that its decision "rested on the presumption that the administration of governmental programs is based on a rational [decision-making] process that takes account of competing social, political, and economic forces." 503 U.S. at 128.

CIVIL NO. 10-1270 (JP)         -18-

contradictory allegations.

The Court does not agree with Plaintiffs that the Municipality of San Juan's alleged failure to provided written regulations or to provide certified supervisors at this particular training exercise was arbitrary and shocking to the conscience in a constitutional sense. See Collins, 503 U.S. at 128 (stating that the "[Due Process] Clause is phrased as a limitation on the State's power to act, [and] not as a guarantee of certain minimal levels of safety and security")(citing DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 195, 196 (1986)). Rather, Plaintiffs' allegations, accepting them as true, show that Defendants were, at most, negligent, and negligence is appropriately dealt with under State law. Id.; Daniels, 474 U.S. at 332.

For the aforementioned reasons, the Court concludes that Plaintiffs have failed to allege a cause of action under the substantive due process clause of the Fourteenth Amendment. As such, the Court hereby dismisses Plaintiffs' Fourteenth Amendment claims.

### B. Supplemental State Law Claims

Plaintiffs filed supplemental claims against the Defendants pursuant to state law. Because Plaintiffs no longer have federal claims pending before the Court, the Court will no longer retain jurisdiction over Plaintiffs' supplemental claims. See U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992). As such, the Court dismisses Plaintiffs' state law claims without

CIVIL NO. 10-1270 (JP)          -19-

prejudice.

## IV.  CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** Defendants' motions to dismiss Plaintiffs' complaint. No attorney's fees are granted. See page 2 n.2, supra. Plaintiffs' state law claims are hereby dismissed without prejudice of refiling in local court. In accordance with this Opinion and Order, the Court will enter a separate judgment dismissing with prejudice Plaintiffs' Section 1983 cause of action and Plaintiffs' state law claims without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of December, 2010.

                                                  s/José Antonio Fusté
                                                   JOSÉ ANTONIO FUSTÉ
                                            CHIEF U.S. DISTRICT JUDGE